Dear Mr. Arceneaux:
You have requested our opinion on the issue of creating the Foundation for Excellence in Louisiana Public Broadcasting (FELPB), a private nonprofit corporation, as a vehicle to raise funds for Louisiana Public Broadcasting (LPB) from corporate sources. You have also questioned the legality of certain items you wish to include in the articles of incorporation and by-laws of FELPB.
The Louisiana Educational Television Authority (LETA) is a state agency created by LSA-R.S. 17:2501 et. seq. Under Section 2501 LETA is empowered to act as the official agency of the state to be the licensee of the stations or channels needed to implement the purposes of this Chapter. Exercising this grant of authority, LETA extended a license to LPB. LPB is considered a service of LETA and has no separate articles of incorporation or by-laws.
Your opinion request stated that FELPB would be a nonprofit corporation organized to raise funds for LPB from corporate sources. Nonprofit corporations are governed by LSA-R.S. 12:201
et. seq. The first provision you asked us to consider is:
 FELPB shall be governed by a Board of Directors. No sitting member of LETA shall serve on the Board of FELPB. The Board of Directors of FELPB shall be appointed by LETA.
LSA-R.S. 12:224(B) states that the affairs of the corporation shall be managed by a board of directors. R.S. 12:222(C) provides in part that the by-laws may include any provision for the directors' qualifications. Accordingly, it may be considered that one of the necessary qualifications for being a board member of FELPB is that he not be a sitting member of LETA.
R.S. 12:224(C) provides that directors, other than those constituting the first board, shall be elected by the voting members, unless some other method is expressly provided in the articles. Therefore, the articles of FELPB may provide for the board of directors to be appointed by LETA.
Your second proposed provision is:
 FELPB shall employ no paid staff; development at the staff level shall be the responsibility of LETA's employees. Corporate charters and by-laws shall forthrightly state this prohibition. On a quarterly basis, LETA shall invoice FELPB for an amount to cover these staff services. Necessary administrative duties of FELPB shall be conducted by officers of the Board of Directors.
LSA-R.S. 17:2505 establishes the powers, duties, and functions of LETA. 2505(7) states that one such power, duty, and function is ". . . to solicit and receive contributions, matching funds, gifts, bequests and devices [sic] from any source, including federal, state or local, public or private."
LSA-R.S. 12:225(D) states:
 Officers and agents shall have such authority and perform such duties in the management of the property and affairs of the corporation as may be prescribed in the by-laws or by the board.
The officers only have those powers specifically stated in the by-laws or those given to them by the board. Therefore, it may be prescribed that the officers have the power to carry out the administrative duties of the corporation. Under R.S.12:207(B)(9), the corporation is granted the authority to elect or appoint officers and agents, to define their duties, and to fix their compensation. This may be done by the directors acting for the corporation.
The use of public personnel by the nonprofit corporation must take into account the provisions of Article VII Section 14 of the Louisiana Constitution. Section 14(A) is a prohibition of loaning, pledging, or donating the funds, credit, property, or things of value belonging to the state or any local political subdivision for any person, association, or corporation, public or private. Exceptions to this prohibition are contained in Section 14(B). When the constitution was amended in 1974,
Subsection C was added, expressly authorizing the state to enter into cooperative endeavors. Section 14(C) states:
 For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Subsection C was interpreted by the Louisiana Supreme Court in City of Port Allen v. Louisiana Risk Management 439 So.2d 399
(La. 1983) which stated:
 There is no indication that it is meant to be an exception to the rule of Section 14(A); the exceptions are clearly contained in Section 14(B). Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations, or to individuals merely for a public purpose.
It is our opinion that your staffing proposal may be accomplished by entering into a cooperative endeavor with LETA. This engagement would meet all of the requirements of Subsection C. The endeavor must be for a public purpose. LSA-R.S.17:2501(B) sets forth the purposes of LETA, one being to make the benefits of public television and radio available to and promote their use by inhabitants of Louisiana. In order to achieve this purpose, LETA licensed LPB. LETA has the power to solicit funds to aid in promoting public broadcasting. In forming this cooperative endeavor between LETA and FELPB, this public purpose would be served.
In this proposed cooperative endeavor, the state would not be donating any of its assets because FELPB would reimburse LETA for the services of its staff. In Opinion No. 88-632 we considered a similar issue concerning a cooperative endeavor between the Acadia Parish Sheriff and the judges of the Fifteenth Judicial District. We stated that the Acadia Parish sheriff and the judges of the Fifteenth Judicial District Court may enter into a cooperative endeavor whereby the sheriff would provide a receptionist for the court and the court would recompense the sheriff. There is no difference between that cooperative endeavor and the one contemplated here except that one entity is a private corporation, an option which is expressly authorized by Section 14(C).
Your third proposed provision states:
 As required by the Corporation for Public Broadcasting (CPB), all financial records of FELPB shall be open to public examination.
Jurisprudence has held that a private nonprofit corporation may be considered a public or quasi-public body subject to the Public Records Act when the nonprofit corporation enjoys close ties to and carries out functions and duties which are the responsibility of the public body, or state agency as in this case. But since FELPB's records would already be open to the public as required by CPB, it is not necessary for us to determine if FELPB would be a public body for the purposes of the Public Records Act.
Your fourth provision states:
 Any and all monies raised by FELPB shall be utilized exclusively in support of LETA and its activities.
LSA-R.S. 12:207(B)(4) gives a nonprofit corporation, such as FELPB, the power "in any legal manner to acquire, hold, use, and alienate or encumber property of any kind, including monies and its own shares, subject to special provisions and limitations prescribed by law or the articles." Therefore, FELPB may provide that all monies raised by it be used exclusively in support of LETA and its activities.
However, under the provisions of LSA-R.S. 12:202.1 A, FELPB could not issue bonds or any other evidences of indebtedness without the approval of the legislature.
It is our opinion, based on the facts you have provided, that the proposed Foundation for Excellence in Louisiana Public Broadcasting and the contemplated provisions would be permissible, with the Foundation operating as a nonprofit corporation and through a cooperative endeavor with LETA.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:0572l